# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2013

No. 13-30075
Summary Calendar

Lyle W. Cayce
Clerk

KRISTIE BELLOW,

Plaintiff - Appellee

v.

KIM EDWARD LEBLANC,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1529

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kristie Bellow brought suit against Kim Edward LeBlanc alleging that he unlawfully terminated her in violation of the Family Medical Leave Act ("FMLA"). LeBlanc brings this interlocutory appeal from the district court's denying, on qualified immunity grounds, his Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Bellow's complaint alleges a cognizable statutory violation resulting from LeBlanc's objectively unreasonable conduct in the light of clearly-established law. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30075

## FACTS & PROCEDURAL HISTORY

The events that we summarize are as stated in the complaint filed in this suit. Bellow worked at the Louisiana State University Health Sciences Center ("Health Center") from August 2008 until her termination on July 18, 2010. In April 2010, Bellow was diagnosed with a facial tumor, which required surgical excision; the tumor impaired her ability to work, and, left untreated, would eventually have been fatal. That April, Bellow completed the necessary paperwork requesting eight weeks of "self-help" leave under the FMLA. LeBlanc, who was her supervisor and also a member of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), approved Bellow's request.

On June 14, 2010, Bellow returned from medical leave. She found her parking card and identification pass were inoperative at the Health Center. Three days later, on June 18, 2010, Bellow was notified in writing of her immediate termination. LeBlanc personally signed the letter of termination, and Bellow alleges her taking FMLA leave motivated LeBlanc's terminating her. Bellow maintains LeBlanc deviated from Health Center policy regarding employee discipline by failing to give her advance notice she was being considered for termination and by failing to provide meaningful reasons for her being terminated.

Bellow sued LeBlanc in his individual capacity for discrimination under the FMLA.[1] LeBlanc invoked the defense of qualified immunity. He moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The district court denied the motion, holding that Bellow had alleged an injury caused by LeBlanc's violating her clearly-established statutory right to medical leave under the FMLA, and that LeBlanc's allegedly terminating her

---

[1] Bellow also asserted claims against the Board. Those claims were dismissed. Because Bellow did not cross-appeal those dismissals, they are not relevant to this appeal and are discussed no further here.

in retaliation was objectively unreasonable in the light of clearly-established law.  This interlocutory appeal followed.

## DISCUSSION

We have subject-matter jurisdiction to consider, on an interlocutory basis, a denial of qualified immunity. *Wilkerson v. Stalder,* 329 F.3d 431, 434 (5th Cir. 2003).  A district court's denial of a Rule 12(b)(6) motion to dismiss on qualified-immunity grounds is reviewed *de novo. Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc).  Such review requires taking all of the plaintiff's well-pleaded factual allegations as true, with all reasonable inferences drawn in her favor. *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharma., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

Two issues are before us: (1) did Bellow have a clearly-established statutory right not to be terminated for taking leave under the FMLA, and (2) if so, was LeBlanc's terminating her for taking FMLA leave objectively unreasonable in the light of that then clearly-established law?

Qualified immunity promotes the necessary, effective, and efficient performance of governmental duties, *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), by shielding from suit all but the "plainly incompetent or those who knowingly violate the law," *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citation and internal quotation marks omitted); *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985) (qualified immunity is immunity from suit, not merely an affirmative defense to liability).  Once a defendant properly invokes qualified

immunity, the plaintiff bears the burden to rebut its applicability. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To abrogate a public official's right to qualified immunity, the plaintiff must show: first, the official's conduct violated a constitutional or statutory right; and second, the official's "actions [constituted] objectively unreasonable [conduct] in light of clearly established law at the time of the conduct." *Brumfield*, 551 F.3d at 326.

1. Statutory rights under the FMLA

LeBlanc contends Bellow, as a state employee, has no statutory rights under the relevant FMLA subsection because states enjoy sovereign immunity from such claims. He cited *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012), and *Kazmier v. Widmann*, 225 F.3d 519 (5th Cir. 2000). LeBlanc also urges us to disregard *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006), as being inconsistent with Supreme Court precedent.

Among other rights, the FMLA allows eligible employees up to 12 weeks of unpaid medical leave per year for the employee's own serious health condition if that condition impairs the employee's ability to work. 29 U.S.C. § 2612(a)(1)(D). Employees have a statutory right to seek monetary and equitable relief "against any employer (including a public agency) in any Federal or State court of competent jurisdiction." § 2617(a)(2). The term "employers" includes state officials acting in their individual capacities. *Modica*, 465 F.3d at 186-87.

LeBlanc's reliance on *Coleman* is misplaced. That decision addressed other parts of Section 2612(a)(1) in the context of state sovereign immunity, not the qualified immunity at issue here. To the extent LeBlanc contends Louisiana is the real party in interest, thereby extending to him sovereign immunity, that contention also fails under Supreme Court and our circuit precedent. *Hafer v. Melo*, 502 U.S. 21, 31 (1991) (state sovereign immunity no bar to suit against public official in individual capacity); *Hudson v. City of New Orleans*, 174 F.3d 677, 687 n.7 (5th Cir. 1999) (state sovereign immunity not implicated in personal capacity suits).

LeBlanc's reading of *Modica* is likewise off the mark. There we stated the general rule that sovereign immunity does not extend to public officials sued in their individual capacities, qualifying that rule by noting its application is fact specific. 465 F.3d at 183. Again, though, the current appeal is about qualified, not sovereign, immunity. More importantly for present purposes, *Modica* held that the "plain language of the FMLA permits public employees to be held individually liable," meaning that officials such as LeBlanc could be considered "employers" under the FMLA and be sued in their individual capacities for FMLA violations. *Id.* at 186-87. LeBlanc urges us to adopt a contrary position taken by other circuits. We cannot, as "one panel may not overrule the decision of a prior panel, right or wrong, in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court." *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir. 1998).

Accordingly, in the light of the FMLA's and *Modica*'s plain language, Bellow has the statutory right to take medical leave. By alleging LeBlanc terminated her in retaliation for properly exercising that statutory right, Bellow satisfies the first qualified-immunity prong.

2. Objectively unreasonable conduct and clearly-established law

LeBlanc contends *Modica* disturbed the law *Kazmier* had established, and therefore his conduct could not have been objectively unreasonable because the law was not clearly established at the time he terminated Bellow. LeBlanc again misapprehends *Modica*'s holding and the state of the law generally.

The central concept of qualified immunity's second prong is one of "fair warning." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). "[T]he right the official is alleged to have violated must . . . be sufficiently clear that a reasonable official would understand that [his actions] violate[] that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). After *Modica*, LeBlanc had "fair warning" that terminating Bellow for availing herself of FMLA leave – that he personally approved – would violate her clearly-established right to do so. Therefore,

5

accepting her allegations as true at this stage, Bellow has abrogated LeBlanc's qualified-immunity defense with respect to this claim.

The district court's denying LeBlanc's Rule 12(b)(6) motion to dismiss is AFFIRMED.